

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-8-2008

# Russell Johnson III v. Lucent Tech Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1671

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Russell Johnson III v. Lucent Tech Inc" (2008). *2008 Decisions.* Paper 885.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/885

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**CLD-224**                                                  **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-1671
_____

RUSSELL H. JOHNSON, III,

                                                        Appellant

v.

LUCENT TECHNOLOGIES INC.[1]

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civil No. 89-cv-02089)
District Judge:  Honorable Berle M. Schiller

_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect
or Pursuant to 28 U.S.C. § 1915(e)(2)(B) or for Summary Action Pursuant to Third
Circuit LAR 27.4 and I.O.P. 10.6
June 12, 2008

Before: AMBRO, FUENTES and JORDAN, <u>Circuit Judges</u>

(Opinion filed: July 8, 2008)

_____

OPINION

_____

---

[1]Appellant's motion to amend the caption is granted to the extent he requests that the
caption reflect that Lucent Technologies Inc. is the successor in interest to AT&T Bell
Laboratories Inc. in this action.  In all other respects, the motion to amend is denied.

PER CURIAM

Russell Johnson, proceeding pro se, appeals from an order of the United States District Court for the Eastern District of Pennsylvania granting Lucent Technologies Inc.'s petition to terminate his long-term disability benefits. We will affirm the order of the District Court.

In August 1989, after a bench trial, the District Court ordered AT&T Bell Technologies to make long-term disability payments to Johnson. The 1989 order directed Johnson to place himself under the care of one of three specified psychiatrists and furnish proof on a monthly basis to AT&T and the administrator of AT&T's long-term disability benefit plan that he was engaged in a treatment program. The 1989 order further provided that AT&T or the plan administrator could petition the District Court at any time to terminate Johnson's benefits if Johnson failed to comply with the order or if there was a medical determination that Johnson was no longer disabled.

After the District Court issued its 1989 order, Johnson apparently did not receive disability payments. In September 1990, the District Court held a post-trial hearing and ordered AT&T to take all steps necessary so that Johnson would receive benefits. The District Court also amended its 1989 order to allow Johnson to be treated by the psychiatrist of his choice, and required the psychiatrist to notify AT&T on a quarterly basis that Johnson was undergoing psychiatric treatment and was participating in a meaningful way. The 1990 order provided that, if such notice was not provided, AT&T

2

had the right to petition the District Court to determine that disability payments were not payable under the terms of the AT&T benefit plan.

In June 2006, Lucent Technologies, the successor in interest to AT&T, filed a petition asking the District Court to terminate Johnson's long-term disability benefits based on his failure to provide evidence that he continues to be eligible for benefits. Lucent established that Johnson complied with the requirement that he provide notices regarding his treatment until 2002. Since 2003, however, the plan administrator has written Johnson eleven times seeking to obtain updated information about his disability. Johnson did not provide any medical documentation in response. The plan administrator also contacted the office of the psychiatrist who was treating Johnson in 1990, and was told that Johnson had not been to the office since 2002. The applicable benefit plan requires Johnson to be under a physician's care and to follow the recommended course of treatment. The plan also provides that Johnson may be required to submit proof of his disability from time to time.

In response, Johnson stated that he had been seeing a new doctor since 2003, but that he had been having difficulty paying for treatment because the doctor was not an in-network provider under Lucent's health plan. Johnson stated that the doctor had treated him free of charge. Johnson provided a letter from the doctor dated May 8, 2006, stating that Johnson had been under his care since August 2003.

Following a telephone conference, in September 2006, the District Court ordered

Lucent to send Johnson the documents he and his psychiatrist needed to complete in order to comply with the District Court's 1989 and 1990 orders. The District Court directed Lucent to provide detailed instructions for Johnson to follow, and required Johnson to complete and return the paperwork by November 6, 2006. On December 20, 2006, the District Court entered an order granting Lucent's petition to terminate Johnson's long-term disability benefits, noting that Johnson had failed to comply with the September 2006 order directing him to complete the documents provided by Lucent. This appeal followed.[2]

Johnson states in his notice of appeal that in July 2006 his new doctor, Dr. Shamie, sent a form to the plan administrator "which completed [his] file." Johnson further states that, after the District Court issued its September 2006 order, he saw two doctors, both of whom refused to complete the plan administrator's forms. According to Johnson, the first doctor, who was a network provider under Lucent's health plan, told Johnson that he felt uncomfortable completing the forms because Johnson had filed a lawsuit against Lucent in California related to his health plan. The doctor suggested that Johnson return to Dr. Shamie. Johnson states that he did so, but Dr. Shamie also refused to complete the forms, noting that he had filled out forms for Johnson in July 2006. Johnson also states that he has been trying to get AT&T (or Lucent) to authorize payment for Dr. Shamie's services.

---

[2]Although Johnson filed his notice of appeal beyond the 30-day period prescribed by Federal Rule of Appellate Procedure 4(a), the District Court granted Johnson's motion for an extension of time to file his notice of appeal, and we have jurisdiction over this appeal.

4

Johnson argues that his case should be remanded so that the District Court can consider these facts.

Johnson has not shown that a remand is warranted. Although Johnson argues that he provided forms to the plan administrator in July 2006, Johnson had the opportunity to present this information to the District Court in the telephone conference preceding the District Court's September 2006 order. The fact that Dr. Shamie refused to complete the forms as required by the District Court suggests that Johnson is unable to satisfy his obligations under the District Court's 1990 order and the benefit plan to show that he is undergoing psychiatric treatment and participating in a meaningful way or that he remains disabled.[3]

We note that Johnson did not seek any relief in District Court before the November 6, 2006, deadline to complete the forms, or before the District Court entered its order terminating benefits on December 20, 2006. We also note that Johnson had numerous opportunities to satisfy his obligations under the District Court's 1990 order and the benefit plan. The record reflects that the plan administrator requested medical evidence

---

[3]Dr. Shamie's May 2006 letter, which appears to have been prepared for purposes unrelated to this litigation, states that Johnson has been under Dr. Shamie's care since August 2003 and recommends that Johnson continue bi-weekly supportive psychotherapy. The letter does not establish that Johnson was participating in psychiatric treatment in a meaningful way, as required by the District Court's 1990 order, nor does it address whether Johnson remains disabled. To the extent the District Court concluded that this letter, which is addressed to the University of Southern California, did not satisfy Johnson's obligations under the benefit plan, we agree with that determination.

of Johnson's continued disability and/or provided forms for his completion by letters dated May 1, 2003, September 23, 2003, July 20, 2004, January 7, 2005, February 7, 2005, March 7, 2005, April 15, 2005, February 8, 2006, February 21, 2006, and March 7, 2006. Johnson did not provide medical documentation in response to these requests.

Accordingly, because this appeal does not raise a substantial question, we will affirm the order of the District Court.[4]

---

[4]Johnson's motion to expedite the appeal is denied.