**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| RUSSELL H. JOHNSON, III,<br><br>       Plaintiff-Appellant,<br><br>v.<br><br>LUCENT TECHNOLOGIES INC.,<br><br>       Defendant-Appellee. | No.   14-56542<br><br>D.C. No. 2:08-cv-06002- CAS-CT<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Submitted September 2, 2016[**]
Pasadena, California

Before:    TASHIMA, WARDLAW, and BYBEE, Circuit Judges.

Appellant Russell H. Johnson appeals from the district court's grant of

summary judgment in favor of Appellee Lucent Technologies Inc.  We have

jurisdiction under 28 U.S.C. § 1291 and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2)(C).

In 1989, Johnson brought suit against Lucent's predecessor in interest, AT&T, in the Eastern District of Pennsylvania for failure to pay long-term disability benefits in violation of the Employee Retirement Income Security Act of 1974 ("ERISA"). The Pennsylvania district court's judgment required Johnson to provide periodic proof of treatment and afforded AT&T the right to move the district court to terminate benefits if Johnson failed to comply. Between 1990 and 2002, Johnson fully complied with the 1989 judgment – as amended in 1990 – by providing periodic documentation evidencing medical treatment. Beginning in 2003, however, Johnson ceased providing documentation. Accordingly, in 2006, the Pennsylvania district court granted Lucent's motion to terminate benefits; Lucent ceased making long-term disability payments to Johnson in January 2007. The Third Circuit affirmed the termination of benefits. *Johnson v. Lucent Techs., Inc.*, 285 F. App'x 854, 855 (3d Cir. 2008).

In this action, Johnson alleges that Lucent ceased paying benefits in retaliation for a 2005 lawsuit in violation of 42 U.S.C. § 1981, resulting in the intentional infliction of emotional distress ("IIED"). The district court granted summary judgment to Lucent on the ground that Johnson's claims are barred by *res judicata* as a result of the 2008 Third Circuit ruling. The district court also held that Johnson's IIED claim was preempted by ERISA. We review the district

court's grant of summary judgment de novo. *McIndoe v. Huntington Ingalls Inc.*, 817 F.3d 1170, 1173 (9th Cir. 2016).

1.     *Res judicata* applies when there is: "(1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties." *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (internal quotation marks omitted). In determining the identity of claims, we consider: "(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts." *Turtle Island Restoration Network v. U.S. Dep't of State*, 673 F.3d 914, 917–18 (9th Cir. 2012) (internal quotation marks omitted). Johnson's retaliation claim meets all of these criteria. Johnson essentially asks us to overturn the judgment of the Third Circuit affirming the termination of his benefits. He presented substantially the same evidence in both actions. Both suits involve the same right, namely Johnson's right to long-term benefits under Lucent's ERISA plan. Finally, and most importantly, Johnson had every opportunity to present evidence of his compliance with the 1989 judgment to the Pennsylvania district court. If, as Johnson contends, Lucent had improper motives for seeking to

3

terminate his benefits, that fact could have been raised before the Pennsylvania district court and the Third Circuit. Johnson's claim of retaliation under § 1981 is therefore barred by *res judicata*.

2.  Johnson's IIED claim fares no better. "ERISA contains one of the broadest preemption clauses ever enacted by Congress." *Joanou v. Coca-Cola Co.*, 26 F.3d 96, 99 (9th Cir. 1994) (internal quotation marks omitted). "Under § 514(a), ERISA broadly 'preempts any and all State laws insofar as they may now or hereafter relate to any [covered] employee benefit plan . . . .'" *Fossen v. Blue Cross & Blue Shield of Mont., Inc.*, 660 F.3d 1102, 1108 (9th Cir. 2011) (alterations in original) (quoting 29 U.S.C. § 1144(a)). In analyzing a state law cause of action, such as IIED, "the focus is whether the claim is premised on the existence of an ERISA plan, and whether the existence of the plan is essential to the claim's survival." *Providence Health Plan v. McDowell*, 385 F.3d 1168, 1172 (9th Cir. 2004). The gravamen of Johnson's IIED claim is that Lucent's "cessation of benefits constituted an intentional infliction of emotional distress." *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1008 (9th Cir. 2011). Indeed, but for Lucent's termination of his benefits, there would have been no grounds for Johnson's state law action. Johnson's IIED claim is preempted by ERISA.

The judgment of the district court is **AFFIRMED.**

4